## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

THOMAS J. KANIOS and
LORA KANIOS,

          *Plaintiffs*,

            v.

COLUMBIA ST. MARY'S INC. and

UMR, INC.

          Defendants.

Case No. _____

(Formerly Milwaukee County Circuit
Case No. 09-CV-015100)

---

### NOTICE OF REMOVAL BY ALL DEFENDANTS

---

TO:    Thomas and Lora Kanios
       c/o Kevin R. Martin, Esq.
       Cannon & Dunphy, S.C.
       595 North Barker Road
       Brookfield, WI 53008-1750

       Ms. Samotria Bellamy
       Deputy Clerk of Court
       Milwaukee County Courthouse
       Civil Division, Room 415
       901 North 9th Street
       Milwaukee, WI 53233

      **PLEASE TAKE NOTICE** that Defendants, Columbia St. Mary's, Inc. and UMR, Inc.,

by their respective undersigned attorneys, pursuant to 28 U.S.C. §§ 1441 and 1446, respectfully

submit this Notice of Removal of this action from the Milwaukee County Circuit Court of the

State of Wisconsin, in which court the action is pending, to the United States District Court for

the Eastern District of Wisconsin. In support of this Notice of Removal, Defendants state the following:

1.      On September 25, 2009, Plaintiffs filed this action, *Thomas J. Kanios and Lora Kanios v. Columbia St. Mary's Inc. and UMR, Inc.*, with the State of Wisconsin, Milwaukee County Circuit Court. On October 2, 2009, Plaintiff served Defendants with the Summons, Complaint, "Plaintiffs' First Interrogatories to the Defendants," "Plaintiffs' First Request for Production of Documents to the Defendants," and "Plaintiffs' First Requests for Admission and Second Set of Interrogatories to the Defendants" (hereinafter "discovery requests"). A copy of this Summons, Complaint and discovery requests is attached hereto as Exhibit A.

2.      This Notice of Removal is filed within 30 days after receipt by Defendants of the Summons and Complaint, in compliance with 28 U.S.C. § 1446(b). On information and belief, no other pleadings have been served and no orders have been entered.

3.      In the Complaint, Plaintiffs allege a breach of the group health insurance policy issued by Columbia St. Mary's Inc. and administered by UMR, Inc. That group health insurance policy funds benefits payable under an Employee Welfare Benefit Plan as defined by 29 U.S.C. § 1002(1) and Plaintiffs' claim is one for recovery of benefits under the Plan. Plaintiffs also allege a failure by Defendants to provide them with required information pursuant to 29 U.S.C. § 1132(c).

4.      This cause of action is one over which the Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1). *See also, Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). By virtue of the provisions of 28 U.S.C. § 1441(a) and (b), this entire matter is one which may be removed to this Court.

5.     Pursuant to 28 U.S.C. § 1446(d), the undersigned certifies that a copy of this Notice of Removal has been sent to the Clerk of the Milwaukee County Circuit Court and will serve copies of this Notice on the Plaintiff.

6.     By filing this Notice, Defendants do not waive any defense that may be available, specifically including, but not limited to, improper service of process, lack of subject matter jurisdiction, and the propriety of venue in this Court or in the Court from which this action has been removed.

WHEREFORE, Defendants request that this matter, now pending before the State of Wisconsin Circuit Court, Milwaukee County, be removed to this Court.

Dated:  November 2, 2009.

/s Sean M. Scullen

DAVID B. KERN
State Bar No. 1004594
SEAN M. SCULLEN
State Bar No. 1034221

Direct Inquiries To:
Sean M. Scullen
(t) 414.277.5421
(f) 414.978.8978
xean.scullen@quarles.com

QUARLES & BRADY LLP
411 East Wisconsin Avenue
Milwaukee, WI  53202-4497
414.277.5000

Attorneys for Defendants
Columbia St. Mary's Inc. and UMR, Inc.

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

'09 NOV -2 P 3:55

JON W. SANFILIPPO
CLERK

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY
CIVIL DIVISION

09CV015100

THOMAS J. KANIOS
LORA KANIOS
358 S. Claremont Rd.
Saukville, WI 53080,

HON. CHARLES F. KAHN JR., BR. 24

CIVIL M

Case No:

Plaintiffs,

v.

**SUMMONS**

Other – Contracts : 30303

COLUMBIA ST. MARY'S INC.,
a Wisconsin non-stock corporation
c/o Amy Marquardt, Registered Agent
4425 N. Port Washington Rd.
Glendale, WI 53212,

UMR, INC., a foreign corporation
c/o CT Corporation System, Registered Agent
8040 Excelsior Dr., Ste. 200
Madison, WI 53717

Defendants.

FILED AND
AUTHENTICATED
SEP 2 5 2009
JOHN BARRETT
Clerk of Circuit Court

THE STATE OF WISCONSIN

TO EACH PERSON NAMED ABOVE AS A DEFENDANT:

You are hereby notified that the plaintiffs named above have filed a lawsuit or other

legal action against you. The Complaint, which is attached, states the nature and basis of the

legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written

answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The

court may reject or disregard an answer that does not follow the requirements of the statutes.

The answer must be sent or delivered to the court, whose address is Milwaukee County

**Exhibit A**

Courthouse, 901 North 9th Street, Milwaukee, WI 53233, and to CANNON & DUNPHY,

S.C., plaintiffs' attorneys, whose address is 595 North Barker Road, P.O. Box 1750, Brookfield,

WI 53008-1750. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the court may grant

judgment against you for the award of money or other legal action requested in the Complaint,

and you may lose your right to object to anything that is or may be incorrect in the Complaint.

A judgment may be enforced as provided by law. A judgment awarding money may become a

lien against any real estate you own now or in the future, and may also be enforced by

garnishment or seizure of property.

Dated at Brookfield, Wisconsin this 25th day of September, 2009.

CANNON & DUNPHY, S.C.
Attorneys for Plaintiffs

By:_____

Kevin R. Martin
State Bar No. 1045748

P.O. ADDRESS:

595 North Barker Road
P.O. Box 1750
Brookfield, WI 53008-1750
Direct Dial: (262) 796-3728
Direct Fax: (262) 796-3729

- 2 -

STATE OF WISCONSIN   :   CIRCUIT COURT   :   MILWAUKEE COUNTY
CIVIL DIVISION

09CV015100

THOMAS J. KANIOS
LORA KANIOS
358 S. Claremont Rd.
Saukville, WI 53080,

          Plaintiffs,

    v.

COLUMBIA ST. MARY'S INC.,
a Wisconsin non-stock corporation
c/o Amy Marquardt, Registered Agent
4425 N. Port Washington Rd.
Glendale, WI 53212,

UMR, INC., a foreign corporation
c/o CT Corporation System, Registered Agent
8040 Excelsior Dr., Ste. 200
Madison, WI 53717

          Defendants.

Case No.

**COMPLAINT**

Other – Contracts : 30303

FILED AND
AUTHENTICATED

SEP 2 5 2009

JOHN BARRETT
Clerk of Circuit Court

---

NOW COME the above-named plaintiffs, by CANNON & DUNPHY, S.C., their

attorneys, and as and for their claims for relief, allege and show to the Court as follows:

    1.    The plaintiffs, Thomas and Lora Kanios, are adult citizens and residents of the

State of Wisconsin, who reside at 358 S. Claremont Rd., Saukville, WI 53080.

    2.    Upon information and belief, the defendant, Columbia St. Mary's Inc., is an

employee benefit plan within the meaning of the Employee Retirement Security Act, 29

U.S.C. § 1001, et seq., with offices of its Registered Agent, Amy Marquardt, located at 4425

N. Port Washington Rd., Glendale, WI 53212 and is engaged in the business of providing

health care benefits to beneficiaries covered by said plan; that Columbia St. Mary's Inc. is the

trustee, sponsor and administrator of the Columbia St. Mary's Inc. employee benefit plan; that as trustee, sponsor and administrator of the Columbia St. Mary's Inc. employee benefit plan, Columbia St. Mary's Inc. was and is obligated to provide benefits, including benefits for the medical care received by Thomas J. Kanios as described below, in accordance with the terms of the Columbia St. Mary's Inc. employee benefit plan.

     3.     That UMR, Inc. is a foreign corporation with offices of its Registered Agent, CT Corporation System, 8040 Excelsior Dr., Ste. 200, Madison, WI 53717; that UMR Inc. is the administrator of the Columbia St. Mary's Inc. employee benefit plan; that UMR Inc. was and is obligated to provide benefits, including benefits for the medical care received by Thomas J. Kanios as described below, in accordance with the terms of the Columbia St. Mary's Inc. employee benefit plan.

     4.     That Thomas and Lora Kanios were beneficiaries of the Columbia St. Mary's Inc. employee benefit plan at all times material hereto, including on and after June 4, 2008 and June 27, 2008.

     5.     That Thomas J. Kanios received medical care on or around June 4, 2008 and June 27, 2008 from Columbia St. Mary's Inc. and Metropolitan Anesthesiologists, S.C. and incurred medical bills for said care.

     6.     That the medical bills described above were and are eligible for benefits under the terms of the Columbia St. Mary's employee benefit plan.

     7.     That Thomas and Lora Kanios, through Columbia St. Mary's Inc. and Metropolitan Anesthesiologists, S.C., submitted the medical bills described above for benefits to the Columbia St. Mary's employee benefit plan.

8.     That Columbia St. Mary's Inc. and UMR Inc. denied benefits to Thomas and Lora Kanios for the medical care described above.

9.     That Thomas and Lora Kanios, through Columbia St. Mary's Inc., appealed Columbia St. Mary's Inc.'s and UMR Inc.'s denial of benefits in accordance with the terms of the Columbia St. Mary's Inc. employee benefit plan and that Columbia St. Mary's Inc. and UMR Inc. denied said appeal.

10.    That Thomas and Lora Kanios have exhausted all administrative remedies relative to the denial of benefits as described above in accordance with the terms of the Columbia St. Mary's Inc. employee benefit plan.

11.    That on May 16, 2009 and August 4, 2009, Thomas and Lora Kanios requested plan information from Columbia St. Mary's Inc. and UMR Inc., advised Columbia St. Mary's Inc. and UMR Inc. that the administrative review of the above-referenced medical care was limited, and requested Columbia St. Mary's Inc. and UMR Inc. to consider additional information, all as provided in Exhibit 1, attached hereto; that Columbia St. Mary's Inc. and UMR Inc. did not respond to and therefore refused said requests.

## FIRST CLAIM FOR RELIEF – BENEFITS DUE UNDER 29 U.S.C. § 1132(a)(1) AGAINST COLUMBIA ST. MARY'S INC.

12.    Reallege and incorporate herein by reference the allegations of the preceding paragraphs.

13.    That Columbia St. Mary's Inc. had a duty to provide benefits to beneficiaries such as Thomas and Lora Kanios in accordance with the terms of the Columbia St. Mary's Inc. employee benefit plan.

14.    That Columbia St. Mary's Inc. wrongly denied benefits to Thomas and Lora

Kanios for the medical care described above in violation of the terms of the Columbia St. Mary's Inc. employee benefit plan.

15.     That Thomas and Lora Kanios are entitled to recover benefits for the medical care described above from the Columbia St. Mary's Inc. employee benefit plan in accordance with 29 U.S.C. § 1132(a)(1).

## SECOND CLAIM FOR RELIEF – FAILURE TO PROVIDE REQUESTED INFORMATION IN VIOLATION OF 29 U.S.C. § 1132(c) AGAINST COLUMBIA ST. MARY'S INC.

16.     Reallege and incorporate herein by reference the allegations of the preceding paragraphs.

17.     That on May 16, 2009 and August 4, 2009, Thomas and Lora Kanios requested plan information in accordance with 29 U.S.C. § 1132(c) from Columbia St. Mary's Inc. and as provided in Exhibit 1, attached hereto.

18.     That Columbia St. Mary's Inc. refused to provide the information requested by Thomas and Lora Kanios.

19.     That Columbia St. Mary's Inc.'s refusal to provide the information requested by Thomas and Lora Kanios is a violation of 29 U.S.C. § 1132(c).

20.     That Columbia St. Mary's Inc.'s violation of 29 U.S.C. § 1132(c) subjects Columbia St. Mary's Inc. to a penalty of $110 per day under 29 U.S.C. § 1132(c)(1) as modified by 29 C.F.R. 2575.502c-1.

## THIRD CLAIM FOR RELIEF – ATTORNEY FEES AGAINST COLUMBIA ST. MARY'S INC.

21.     Reallege and incorporate herein by reference the allegations of the preceding paragraphs.

- 4 -

22. That Columbia St. Mary's Inc.'s wrongful denial of benefits as described above subjects Columbia St. Mary's Inc. to attorney fees in accordance with 29 U.S.C. § 1132(g).

## FOURTH CLAIM FOR RELIEF – BENEFITS DUE UNDER 29 U.S.C. § 1132(a)(1) AGAINST UMR INC.

23. Reallege and incorporate herein by reference the allegations of the preceding paragraphs.

24. That UMR Inc. had a duty to provide benefits to beneficiaries such as Thomas and Lora Kanios in accordance with the terms of the Columbia St. Mary's Inc. employee benefit plan.

25. That UMR Inc. wrongly denied benefits to Thomas and Lora Kanios for the medical care described above in violation of the terms of the Columbia St. Mary's Inc. employee benefit plan.

26. That Thomas and Lora Kanios are entitled to recover benefits for the medical care described above from the Columbia St. Mary's Inc. employee benefit plan in accordance with 29 U.S.C. § 1132(a)(1).

## FIFTH CLAIM FOR RELIEF – FAILURE TO PROVIDE REQUESTED INFORMATION IN VIOLATION OF 29 U.S.C. § 1132(c) AGAINST UMR INC.

27. Reallege and incorporate herein by reference the allegations of the preceding paragraphs.

28. That on May 16, 2009 and August 4, 2009, Thomas and Lora Kanios requested plan information in accordance with 29 U.S.C. § 1132(c) from UMR Inc. and as provided in Exhibit 1, attached hereto.

- 5 -

29.     That UMR Inc. refused to provide the information requested by Thomas and Lora Kanios.

30.     That UMR Inc.'s refusal to provide the information requested by Thomas and Lora Kanios is a violation of 29 U.S.C. § 1132(c).

31.     That UMR Inc.'s violation of 29 U.S.C. § 1132(c) subjects UMR Inc. to a penalty of $110 per day under 29 U.S.C. § 1132(c)(1) as modified by 29 C.F.R. 2575.502c-1.

## SIXTH CLAIM FOR RELIEF – ATTORNEY FEES AGAINST UMR INC.

32.     Reallege and incorporate herein by reference the allegations of the preceding paragraphs.

33.     That UMR Inc.'s wrongful denial of benefits as described above subjects UMR Inc. to attorney fees in accordance with 29 U.S.C. § 1132(g).

WHEREFORE, the plaintiffs demand judgment as follows:

1.     For benefits due and owing under the terms of the Columbia St. Mary's Inc. employee benefit plan;

2.     For penalty in accordance with 29 U.S.C. § 1132(c)(1) as modified by 29 C.F.R. 2575.502c-1;

3.     For attorney fees in accordance with 29 U.S.C. § 1132(g);

4.     For prejudgment interest on the benefits due; and,

5.     For all costs, disbursements and any other relief deemed just and equitable.

- 6 -

Dated at Brookfield, Wisconsin this 25th day of September, 2009.

CANNON & DUNPHY, S.C.
Attorneys for Plaintiffs

By: _____
Kevin R. Martin
State Bar No. 01045748

**P.O. ADDRESS:**

595 North Barker Road
P.O. Box 1750
Brookfield, WI 53008-1750
Phone:     (262) 796-3728
Fax:       (262) 796-3729

- 7 -

# CANNON & DUNPHY, S.C.

## Attorneys at Law



William M. Cannon
Patrick O. Dunphy
Mark L. Thomsen
Sarah F. Kaas
Edward E. Robinson
Allan M. Foeckler

595 North Barker Road
P. O. Box 1750
Brookfield, WI 53008-1750
Telephone: (262) 782-2700
Facsimile: (262) 796-5800
www.cannon-dunphy.com

Robert D. Crivello
Kevin R. Martin
Brett A. Eckstein

May 16, 2009

VIA CERTIFIED MAIL / RETURN RECEIPT
UMR
Claims Appeal Unit
PO Box 8086
Wausau, WI 54402-8086

| Re: | Our Clients: | Thomas and Lora Kanios |
|---|---|---|
| | Employee: | Lora Kanios |
| | Employer: | Columbia St. Mary's |
| | Member ID: | 146000025100 |
| | UMR Claim nos.: | 08169331158, 08203028199, 08200330876 & 08224017087 |
| | Dates of service: | 6/4/08 & 6/27/08 |

Dear Sir or Madam:

You are hereby notified that Cannon & Dunphy, S.C. has been retained to represent Thomas and Lora Kanios with regard to a wrongful denial of benefits for the above-referenced dates of service. In that regard, we hereby request that the following documents be produced within 30 days:

1. The Plan Document which existed as of the above-referenced dates of service;

2. The Summary Plan Description which existed as of the above-referenced dates of service;

3. The Form 5500 and all schedules filed by the Plan that were in effect as of the above-referenced dates of service; and,

4. The complete claims file relative to the above-referenced claim numbers.

These documents can be submitted directly to the undersigned at Cannon & Dunphy, S.C.

Additionally, you are hereby notified that the evidence presented during the appeal was determined by a medical records custodian and not a health care provider or plan beneficiary. As such, the administrative review was improperly limited. See Casey v. Uddeholm Corp., 32 F.2d 1094, 1099 & n.4 (7th Cir. 1994). Therefore, in an effort to avoid judicial involvement, the Plan is



EXHIBIT

requested to consider additional evidence. Please notify the undersigned of the Plan's willingness to consider additional evidence.

Very truly yours,

CANNON & DUNPHY, S.C.

Kevin R. Martin
Direct Dial: (262) 796-3728
kmartin@cannon-dunphy.com

KRM/esm
cc: Columbia St. Mary's Office Center

I have read the above-requests and adopt them as my own.

Dated: 5-16-09          Thomas Kanios
                        Thomas Kanios

Dated: 5-16-09          Lora Kanios
                        Lora Kanios

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>☐ Agent<br>☐ Addressee<br>B. Received by ( Printed Name )  C. Date of Delivery<br>SPRINT DELIVERY 5-19 |

1. Article Addressed to:

UMR
Claims Appeal Unit
PO Box 8086
Wausau, WI 54402-8086

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)

7008 0150 0002 1133 8829

PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Robert Crowley_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery  5/9/09

1. Article Addressed to:

Columbia St. Marys
Office Center
4425 N. Port Washington Rd
Milwaukee, WI 53212

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☑ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7008 0150 0002 1133 9321

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Robot Crowley_   ☑ Agent  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

8/13/09

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☑ No

1. Article Addressed to:

Columbia St. Mary's
Office Center
4425 N. Port Washington
Milwaukee, WI
53212

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☑ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7008 0150 0002 1133 8607

PS Form 3811, February 2004       Domestic Return Receipt       102595-02

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY
CIVIL DIVISION

THOMAS J. KANIOS
LORA KANIOS
358 S. Claremont Rd.
Saukville, WI 53080,

   Plaintiffs,

  v.

COLUMBIA ST. MARY'S INC.,
a Wisconsin non-stock corporation
c/o Amy Marquardt, Registered Agent
4425 N. Port Washington Rd.
Glendale, WI 53212,

UMR, INC., a foreign corporation
c/o CT Corporation System, Registered Agent
8040 Excelsior Dr., Ste. 200
Madison, WI 53717

   Defendants.

Case No.

Other – Contracts : 30303

---

## PLAINTIFFS' FIRST INTERROGATORIES TO THE DEFENDANTS

TO: DEFENDANTS

  PLEASE TAKE NOTICE that the plaintiffs require the defendants to answer the following written interrogatories within forty-five (45) days hereof at the offices of their attorneys, CANNON & DUNPHY, S.C.:

### INSTRUCTIONS

  Answer each interrogatory separately and fully, in writing, under oath, unless it is objected to, in which event the reasons for objection must be stated in lieu of an answer.

  An evasive or incomplete answer is deemed to be a failure to answer under Rule

804.12

You are under a continuing duty to seasonably supplement your responses with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matter, and the identity of each person expected to be called as a witness. Furthermore, you are under a similar duty to correct any incorrect response when you later learn that it is incorrect.

## DEFINITIONS

1. The terms "you" and "your" shall mean the named involuntary plaintiffs and any officers, directors, employees, agents, attorneys and any other persons acting on behalf of any of the named involuntary plaintiffs.

2. The term "document(s)" means the original and any non-identical copy (which is different from the original or any copy because of notations thereto, or otherwise) of any written, printed, typewritten, handwritten, recorded, graphic or photographic matter or material (however produced, reproduced or recorded), including without limitation all of the following: correspondence, notes, telegrams, memoranda, contracts (including amendments and change orders accepted or proposed), reports, studies, diaries, time-slips, log-books, day-books, work schedules, pamphlets, charts, maps, plans, drawings, calendars, tabulations, calculations, financial records, tax returns, audit reports, progress notes and reports, bids, quotations, estimates, bonds, invoices, drafts, working papers, work sheets, books, computer printouts, computer cards, computer tapes, minutes and minute books (of any meeting of any person(s), committee or board), statements, checks, receipts, administrative regulations, journals and authoritative texts, statistical or informational accumulations or summaries, files, photographs, microfilm or mechanical reproductions, attachments, enclosures and other materials related to or referred to in any of the foregoing and all other records of any kind in the possession and/or under the control of you or your corporate successors, predecessors, parents, subsidiaries, divisions and/or any other corporation controlled by the parent, or any officer, director, agent, employee, representative, owner, and/or attorney of any of the foregoing person(s) or entities which relate in any way whatsoever to any of the subjects referred to in the following Demand for Production or to any written or oral communication(s) of any kind relating to or regarding any such subject, in whole or in part. Designated documents are to include all attachments, enclosures and other documents that are attached, related to or referred to such designated documents in any way.

- 2 -

3. "Or" shall be construed disjunctively or conjunctively so as to bring within the scope of this demand for production any information which might otherwise be construed to be outside its scope.

4. "Identify" when used in reference to a person means to state the person's full name, telephone number, current residential and business addresses, together with your relationship with them, if any, and if not presently related, a description of any previous relationship with them.

5. "Identify" when used in reference to a document means to state the date and author, type of document (e.g., letter, memorandum, telegram, chart, etc.), addressee or other intended recipient or audience, a summary of its contents and its present location and custodian. In the event there are documents fitting the descriptions set forth of which you are aware, which are no longer in your possession, custody or control, state the disposition and location of such documents and identify the person(s) who have or had possession, custody or control of such documents.

6. "Identify" when used in reference to a conversation, conference, meeting or other oral communication means to identify all persons participating or attending and to identify all documents recording, summarizing or otherwise arising from the conversation, conference, meeting or other oral communication in accordance with the definitions above. In addition, a request to identify a conversation, conference, meeting or other oral communication means to state its purpose, the subject discussed, the method of communication used (e.g., telephone, in person, or other means) and if by telephone, specify the caller and the person called, the action taken at and following it, and the date, place and purpose of such action, and to identify the person(s) taking such action.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify, as that term is defined above, all persons and/or entities who evaluated the claims that are the subject matter of this lawsuit, regardless of whether it was the original claim or appeal.

**INTERROGATORY NO. 2:** Identify, as that term is defined above, all documents that were provided for the evaluation, processing and administration of the claims that are the subject matter of this lawsuit.

- 3 -

**INTERROGATORY NO. 3:** Identify, as that term is defined above, all documents that were considered in the evaluation, processing and administration of the claims that are the subject matter of this lawsuit.

**INTERROGATORY NO. 4:** Identify, as that term is defined above, the trustee, sponsor and administrator of the Columbia St. Mary's Inc. employee benefit plan as of the date of the claims that are the subject matter of this lawsuit.

Dated at Brookfield, Wisconsin this _25_ day of September, 2009.

**CANNON & DUNPHY, S.C.**
Attorneys for Plaintiffs

By: _____
Kevin R. Martin
State Bar No. 01045748

**P.O. ADDRESS:**

595 North Barker Road
P.O. Box 1750
Brookfield, WI 53008-1750
Phone:        (262) 796-3728
Fax:           (262) 796-3729

- 4 -

# CANNON & DUNPHY, S.C.

### Attorneys at Law



William M. Cannon
Patrick O. Dunphy
Mark L. Thomsen
Sarah F. Kaas
Edward E. Robinson
Allan M. Foeckler

595 North Barker Road
P. O. Box 1750
Brookfield, WI 53008-1750
Telephone: (262) 782-2700
Facsimile: (262) 796-5800
www.cannon-dunphy.com

Robert D. Crivello
Kevin R. Martin
Brett A. Eckstein

### SECOND REQUEST
August 4, 2009

VIA CERTIFIED MAIL / RETURN RECEIPT
UMR
Claims Appeal Unit
PO Box 8086
Wausau, WI 54402-8086

Re: Our Clients:     Thomas and Lora Kanios
    Employee:        Lora Kanios
    Employer:        Columbia St. Mary's
    Member ID:       146000025100
    UMR Claim nos.:  08169331158, 08203028199, 08200330876 & 08224017087
    Dates of service: 6/4/08 & 6/27/08

Dear Sir or Madam:

This is a second request for the following information:

1. The Plan Document which existed as of the above-referenced dates of service;
2. The Summary Plan Description which existed as of the above-referenced dates of service;
3. The Form 5500 and all schedules filed by the Plan that were in effect as of the above-referenced dates of service; and,
4. The complete claims file relative to the above-referenced claim numbers.

These documents can be submitted directly to the undersigned at Cannon & Dunphy, S.C.

Respectfully,

CANNON & DUNPHY, S.C.

Kevin R. Martin
Direct Dial: (262) 796-3728
Direct Fax: (262) 796-3729
kmartin@cannon-dunphy.com

KRM/esm
Enc. (5/16/09 correspondence)
Cc w/ enc.:     Columbia St. Mary's Office Center



SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

UMR
Claims Appeal Unit
PO Box 8086
Wausau, WI 54402-8086

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    □ Agent
                                     □ Addressee

B. Received by (Printed Name)    C. Date of Delivery
SPRINT DELIVERY

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:  □ No

AUG 6 2009

3. Service Type
☒ Certified Mail    □ Express Mail
□ Registered    ☒ Return Receipt for Merchandise
□ Insured Mail    □ C.O.D.

4. Restricted Delivery? (Extra Fee)    □ Yes

2. Article Number
   (Transfer from service label)    7008 1140 0000 5756 4703

PS Form 3811, August 2001    Domestic Return Receipt    102595-01-M-2509

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY
CIVIL DIVISION

THOMAS J. KANIOS
LORA KANIOS
358 S. Claremont Rd.
Saukville, WI 53080,

        Plaintiffs,

    v.

COLUMBIA ST. MARY'S INC.,
a Wisconsin non-stock corporation
c/o Amy Marquardt, Registered Agent
4425 N. Port Washington Rd.
Glendale, WI 53212,

UMR, INC., a foreign corporation
c/o CT Corporation System, Registered Agent
8040 Excelsior Dr., Ste. 200
Madison, WI 53717

        Defendants.

Case No.

Other – Contracts : 30303

---

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANTS

---

TO: DEFENDANTS

    PLEASE TAKE NOTICE that the plaintiffs require the defendants to produce

within forty-five (45) days hereof at the offices of their attorneys, CANNON & DUNPHY,

S.C., a copy of each of the following described documents:

### DEFINITIONS AND INSTRUCTIONS

1.    The terms "you" and "your" shall mean the named involuntary plaintiff, and any officers, directors, employees, agents, attorneys and any other persons acting on behalf of the named entity or individual.

2. The term "document(s)" means the original and any non-identical copy (which is different from the original or any copy because of notations thereto, or otherwise) of any written, printed, typewritten, handwritten, recorded, graphic or photographic matter or material (however produced, reproduced or recorded), including without limitation all of the following: correspondence, notes, telegrams, email, memoranda, contracts (including amendments and change orders accepted or proposed), reports, studies, diaries, time-slips, log-books, day-books, work schedules, pamphlets, charts, maps, plans, drawings, calendars, tabulations, calculations, financial records, tax returns, audit reports, progress notes and reports, bids, quotations, estimates, bonds, invoices, drafts, working papers, work sheets, books, computer printouts, computer cards, computer tapes, minutes and minute books (of any meeting of any person(s), committee or board), statements, checks, receipts, administrative regulations, journals and authoritative texts, statistical or informational accumulations or summaries, files, photographs, microfilm or mechanical reproductions, attachments, enclosures and other materials related to or referred to in any of the foregoing and all other records of any kind in the possession and/or under the control of you or your corporate successors, predecessors, parents, subsidiaries, divisions and/or any other corporation controlled by the parent, or any officer, director, agent, employee, representative, owner, and/or attorney of any of the foregoing person(s) or entities which relate in any way whatsoever to any of the subjects referred to in the following Demand for Production or to any written or oral communication(s) of any kind relating to or regarding any such subject, in whole or in part. Designated documents are to include all attachments, enclosures and other documents that are attached, related to or referred to such designated documents in any way.

3. "Or" shall be construed disjunctively or conjunctively so as to bring within the scope of this demand for production any information which might otherwise be construed to be outside its scope.

4. If you withhold any document requested herein on the basis of a claim of attorney/client or other privilege, or on the basis of the attorney work-product doctrine, you are requested to identify all such documents by listing:

a. The date of each document;

b. Its title, if any;

c. The name and address of its author;

d. The sender and each recipient of said document;

- 2 -

e.      The name and address of each person who has custody of the document, or any copy thereof; and

f.      The factual and legal bases for your claim of privilege.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**      A copy of the claims file relative to the claims that are the subject of this lawsuit.

**REQUEST NO. 2:**      A copy of all documents submitted for the evaluation of the claims that are the subject of this lawsuit.

**REQUEST NO. 3:**      A copy of the claims manual relative to the evaluation, processing and administration of medical claims for benefits under the Columbia St. Mary's Inc. employee benefit plan.

**REQUEST NO. 4:**      All written guidelines, policies, procedures, and training manuals that were employed by the Columbia St. Mary's Inc. employee benefit plan that in any way describe or pertain to the evaluation, processing or administration of medical claims for benefits under the Columbia St. Mary's Inc. employee benefit plan.

**REQUEST NO. 5:**      All written guidelines, policies and procedures relative to the compensation and promotion of any individual involved in the evaluation, processing and administration of medical claims for benefits under the Columbia St. Mary's Inc. employee benefit plan.

**REQUEST NO. 6:**      Copies of the following documents in effect as of the dates of the claims that are the subject of this lawsuit:

a. The plan document, as that term is used by 29 U.S.C. § 1102;

- 3 -

b. The summary plan description, as that term is used in 29 U.S.C. § 1022;

c. The Form 5500 along with all Schedules filed with the Internal Revenue Service relative to the Columbia St. Mary's Inc. employee benefit plan from 2007 to the present;

d. All documents that in any way describe or demonstrate any sources of contributions used to fund the Columbia St. Mary's Inc. employee benefit plan, regardless of whether said funding came from the Columbia St. Mary's Inc. employee benefit plan sponsor, the Columbia St. Mary's Inc. employee benefit plan participants, the Columbia St. Mary's Inc. employee benefit plan beneficiaries or other entities;

e. All policies of insurance purchased to provide any portion of the Columbia St. Mary's Inc. employee benefit plan's funding and/or to pay any portion of the medical benefits available under the Columbia St. Mary's Inc. employee benefit plan, and/or any documents that show that a portion of the Columbia St. Mary's Inc. employee benefit plan's funding and/or a portion of the medical benefits available under the Columbia St. Mary's Inc. employee benefit plan is provided through the purchase of insurance; and,

f. The administrative service contract between Columbia St. Mary's Inc. employee benefit plan, the sponsor of the Columbia St. Mary's Inc. employee benefit plan, the administrator of the Columbia St. Mary's Inc. employee benefit plan and/or any company providing insurance to the Columbia St. Mary's Inc. employee benefit plan.

Dated at Brookfield, Wisconsin this 25th day of September, 2009.

CANNON & DUNPHY, S.C.
Attorneys for Plaintiffs

By: _____
Kevin R. Martin
State Bar No. 01045748

P.O. ADDRESS:
595 North Barker Road
P.O. Box 1750
Brookfield, WI 53008-1750
Phone:       (262) 796-3728
Fax:         (262) 796-3729

- 4 -

STATE OF WISCONSIN  :  **CIRCUIT COURT**  :  MILWAUKEE COUNTY
                          **CIVIL DIVISION**

THOMAS J. KANIOS
LORA KANIOS
358 S. Claremont Rd.
Saukville, WI 53080,

                    Plaintiffs,                        Case No.

                                                       Other – Contracts : 30303
         v.

COLUMBIA ST. MARY'S INC.,
a Wisconsin non-stock corporation
c/o Amy Marquardt, Registered Agent
4425 N. Port Washington Rd.
Glendale, WI 53212,

UMR, INC., a foreign corporation
c/o CT Corporation System, Registered Agent
8040 Excelsior Dr., Ste. 200
Madison, WI 53717

                    Defendants.

---

## PLAINTIFFS' FIRST REQUESTS FOR ADMISSION AND SECOND SET OF INTERROGATORIES TO THE DEFENDANTS

---

TO:   DEFENDANTS

Pursuant to Wis. Stat. sec. 804.11, the above-named plaintiffs, by their attorneys, Cannon & Dunphy, S.C., requests that the defendants admit the following matters:

### REQUEST FOR ADMISSIONS

**REQUEST NO. 1:** That Columbia St. Mary's Inc. is the trustee, sponsor and administrator of the Columbia St. Mary's employee benefit plan that is the subject matter of this lawsuit.

**REQUEST NO. 2:** That Thomas and Lora Kanios exhausted all administrative remedies relative to the claims that are the subject matter of this lawsuit.

**REQUEST NO. 3:** That Thomas and Lora Kanios are entitled to recover benefits for the claims that are the subject matter of this lawsuit from the Columbia St. Mary's Inc. employee benefit plan.

**REQUEST NO. 4:** That Columbia St. Mary's Inc. wrongly denied benefits for the claims that are the subject matter of this lawsuit.

**REQUEST NO. 5:** That the letter attached hereto as Exhibit 1 is a true and accurate copy of the denial letter relative to the claims that are the subject matter of this lawsuit.

**REQUEST NO. 6:** That the letter attached hereto as Exhibit 1 provides all the reasons the claims that are the subject matter of this lawsuit were denied.

**REQUEST NO. 7:** That UMR Inc. is the administrator of the Columbia St. Mary's employee benefit plan that is the subject matter of this lawsuit.

**REQUEST NO. 8:** That UMR Inc. wrongly denied benefits for the claims that are the subject matter of this lawsuit.

## INTERROGATORIES

Pursuant to Wis. Stat. §804.08, the above-named plaintiffs, by their attorneys, Cannon & Dunphy, S.C., request that the defendants answer the following interrogatories:

**INTERROGATORY NO. 1:**     If you have denied any of the requests for admission stated above, either in whole or in part, then:

    (a)    Set forth specifically each and every reason for denying the request;

Case 2:09-cv-01034-CNC   Filed 11/02/09   Page 29 of 34   Document 1

(b)     Identify all documents and information that you relied or rely upon in supporting such denial; and

(c)     Identify, by first and last name, address and telephone number, each and every person consulted with in arriving at such denial.

**INTERROGATORY NO. 2:**     If you deny any of the requests for admission stated above, either in whole or in part, on the basis that you lack sufficient information or knowledge to admit or deny, then identify each and every step taken by you to attempt to obtain the information or knowledge sufficient to allow you to answer said request for admission.

Dated at Brookfield, Wisconsin this 25ᵗʰ day of September, 2009.

CANNON & DUNPHY, S.C.
Attorneys for Plaintiffs

By:  _____
Kevin R. Martin
State Bar No. 01045748

**P.O. ADDRESS:**

595 North Barker Road
P.O. Box 1750
Brookfield, WI  53008-1750
Phone:        (262) 796-3728
Fax:          (262) 796-3729

- 3 -



**UMR**

115 W Wausau Ave
Wausau WI 54401-2875

PO Box 8066
Wausau WI 54402-8066



March 25, 2009

COLUMBIA ST MARYS OFFICE CENTER
4425 N PORT WASHINGTON ROAD
GLENDALE WI 53212

| | |
|---|---|
| Employee: | Lora Kanios |
| Patient: | Thomas Kanios |
| Member ID: | 146000025100 |
| Employer: | Columbia St. Mary's |
| Provider: | St. Mary's Hospital Ozaukee and Ali Sadeghi MD |
| Claim Control No.: | 08169331158, 08203028199, 08200330876, and 08224017087 |
| Date(s) of Service: | June 4, 2008 and June 27, 2008 |

I am writing in response to your request to review the application of plan benefits for services provided to Thomas Kanios on June 4, 2008 and June 27, 2008 by the above-listed providers.

UMR provides claims administrative services to employers who maintain self-funded health and welfare benefit plans. In this instance, we administer a plan established, designed and maintained by Columbia St. Mary's. Claims are processed based on plan provisions.

It is the responsibility of the Member or their Duly Authorized Representative to appeal any determination as outlined in the Plan document. As a courtesy, UMR will respond to one provider request for review or inquiry.

The medical plan has the following provisions:

Exclusions are not considered Covered Benefits under this Plan and will not be considered for payment as determined by the Plan.

The Plan does not pay for Expenses incurred for the following, even if deemed to be Medically Necessary, unless otherwise stated below.

**Not Medically Necessary:** Services, supplies, treatment, facilities or equipment which the Plan determines are not Medically Necessary.

**The Plan does not limit a Covered Person's right to choose his or her own medical care.** If a medical expense is not a covered benefit, or is subject to a limitation or exclusion, a Covered Person still has the right and privilege to receive such medical service or supply at the Covered Person's own personal expense.

EXHIBIT

800.826.9781 Ext. 2121 (T)     715.841.3265 (F)     www.UMR.com


The claim and all the medical information submitted to us were sent to a licensed external review company.  The review was completed by a qualified physician, board-certified in anesthesiology. It is the opinion of the reviewer that based on the clinical information provided and care management guidelines, the patient would not meet the medical necessity guidelines for the radiofrequency ablation procedures done on June 4, 2008 and June 27, 2008.

According to the reviewer, the patient had one set of diagnostic joint injections done.  The patient has had no medical nerve branch blocks injected and it is the nerve that is radiofrequencied. Until the nerves are injected, the radiofrequency is premature.  Additionally, there is no quantification of response to the facet blocks.

As the criteria for medical necessity were not met, the initial application of benefits was correct and no additional benefits are due.

As it is UMR's policy to only respond to one provider request for review or inquiry, no further provider requests for review or inquiries will be accepted and the above decision is final.

Sincerely,


Terri M.
Appeal Auditor
Claim Appeals

CC:    Lora Kanios
       Ali Sadeghi MD



Check here if: _____ DWD or _____ USDC _____ Dist. of _____

☐ Washington
☐ Ozaukee
☐ Racine

Court/Appearance Date _____

Thomas J. Kanios, et al

_____

_____                    VS

Case Number 09CV015100

Columbia St. Mary's, Inc.,

et al

I the undersigned, am an adult resident of the state and not a party to the action. I hereby, certify that on __10-02-09__, 20 _____ at __2:35__ ☒☒.☒.
I duly served/or attempted to serve, (see non service section)

NAME___Columbia St. Mary's, Inc.___

(X) DEFENDANT          ( ) PETITIONER
( ) GARNISHEE DEFENDANT ( ) RESPONDENT
( ) PLAINTIFF          ( ) WITNESS

( ) OTHER ATTEMPT DATES _____

by serving ___Lori Henley___        Atty.

          Name                    Title

Home _____

Business ___4425 N. Port Washington Rd.___

| FILED |
| OCT 20 2009 |
| JOHN BARRETT |
| Clerk of Circuit Court |

24      OCT 2 0 2009      24      Wisconsin
                          Glendale,      Wisconsin

**Manner of Service:**

☐ Personally serving said individual so named.    (Not to be used for substitution of service)

☒ Corporate Service: by leaving, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof.

☐ Substitution of service: After diligent search and inquiry, having made _____ attempts by leaving true & correct copies of the above documents with a competent member of the family over the age of 14, and informed that person of the contents thereof. (See other attempt dates.)

☐ By posting copies in a conspicuous manner to the address of the person/entity being served. (Use only for evictions.)

☐ Copies of the documents were mailed by prepaid, first class mail on: (For eviction only) _____
                                                                         Date                    From

**Non-Service:** after due search, careful inquiry and diligent attempts at the address(s) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at address          ☐ Moved no forwarding          ☐ Refuses to cooperate in acceptance
☐ Address does not exist       ☐ Evading                      ☐ Service cancelled by litigant
☐ Not home three attempts      ☐ Unable to serve in a timely fashion    ☐ Search was conducted, whereabouts unknown

**Type of Documents:**

( ) SUMMONS & COMPLAINT                          ( ) ORDER TO SHOW CAUSE & AFFIDAVIT
(X) AUTHENTICATED SUMMONS & COMPLAINT            ( ) GARNISHEE SUMMONS & COMPLAINT EARNINGS - NON EARNINGS
( ) EVICTION: SUMMONS & COMPLAINT                ( ) SUBPOENA - SUBPOENA DUCES TECUM
( ) NOTICE OF MOTION & MOTION                    ( ) SUMMONS AND PETITION
( ) CONFERENCE ORDER                             ( ) NOTICE OF/TERMINATING TENANCY/PAY OR QUIT
(X) OTHER: 1st Request for Admissions            (X) WRITTEN INTERROGATORIES & REQUEST FOR PRODUCTION
_____                              OF DOCUMENTS.

At the time of service, I did place upon it the date, time, manner and my name, leaving a true and correct copy thereof, and that the server knew the person so served to be the defendant (or other) mentioned and named therein.

NUMBER OF ATTEMPTS _____      NUMBER OF ADDRESSES ATTEMPTED (if more than one) _____

SERVICE FEE      $ __39.00__          WITNESS FEE    $_____

GARNISHEE FEE $ _____          SEARCH FEE     $_____

MAILING FEE     $ _____          MILEAGE        $_____

Server's Name    Richard W. Dude          Server's Signature _____
                    (print)

Subscribed and sworn to before me

this __8th__ day of __Oct__, 20 __09__

_Karen L. Pacula_

NOTARY PUBLIC, State of Wisconsin
My Commission Expires __8-1-10__

KAREN L. PACULA
NOTARY PUBLIC
STATE OF WISCONSIN

*Accurate Process Service*
*P.O. Box 1414 (mailing address)*
*Milwaukee, Wisconsin 53201-1414*
*414-423-4341*

# Affidavit of Process Server

State of Wisconsin

County of
- [X] Milwaukee
- [ ] Waukesha
- [ ] Washington
- [ ] Ozaukee
- [ ] Racine
- [ ] ___

Check here if: _____ DWD or _____ USDC _____ Dist. of _____

**Court/Appearance Date** _____
Thomas J. Kanios, et al

vs

**Case Number** 09CV015100 _____
Columbia St. Mary's Inc., et al

I the undersigned, am an adult resident of the state and not a party to the action. I hereby certify that on _10-2_ , 20 _09_ at _12:40_ a.m/p.m.
I duly served/or attempted to serve, (see non service section)

**NAME** UMR, Inc.  c/o CT Corporation System, R.A.

[X] DEFENDANT      ( ) PETITIONER
( ) GARNISHEE DEFENDANT  ( ) RESPONDENT      ( ) OTHER ATTEMPT DATES _____
( ) PLAINTIFF      ( ) WITNESS

by serving _UMR, INC. c/o CT. CORP. SYSTEMS R.A. DAWN PEDERSON REP._
Name _____ Title _____

**Home** _____ Wisconsin
8040 Excelsior dr., ste. 200      Madison, _____ Wisconsin
**Business**

## Manner of Service:
- [ ] Personally serving said individual so named.  (Not to be used for substitution of service)
- [X] Corporate Service:  by leaving, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof.
- [ ] Substitution of service: After diligent search and inquiry, having made _____ attempts by leaving true & correct copies of the above documents with a competent member of the family over the age of 14, and informed that person of the contents thereof. (List address if other than above, list other attempt dates.)
- [ ] By posting copies in a conspicuous manner to the address of the person/entity being served. (Use only for evictions.)
- [ ] Copies of the documents were mailed by prepaid, first class mail on: (For eviction only) _____ Date _____ From

FILED
OCT 20 2009

**Non-Service:** after due search, careful inquiry and diligent attempts at the address(s) listed above. I have been unable to effect process upon the person/entity being served because of the following reason(s):

- [ ] Unknown at address
- [ ] Address does not exist
- [ ] Not home three attempts
- [ ] Moved no forwarding
- [ ] Evading
- [ ] Unable to serve in a timely fashion
- [ ] Refuses to cooperate in acceptance
- [ ] Service cancelled by litigant
- [ ] Search was conducted, whereabouts unknown

## Type of Documents:
( ) SUMMONS & COMPLAINT
(X) AUTHENTICATED SUMMONS & COMPLAINT
( ) EVICTION: SUMMONS & COMPLAINT
( ) NOTICE OF MOTION & MOTION
( ) CONFERENCE ORDER
( ) OTHER: _1st Request for Admission_

( ) ORDER TO SHOW CAUSE & AFFIDAVIT
( ) GARNISHEE SUMMONS & COMPLAINT EARNINGS - NON EARNINGS
( ) SUBPOENA - SUBPOENA DUCES TECUM
( ) SUMMONS AND PETITION
( ) NOTICE OF/TERMINATING TENANCY/PAY OR QUIT
(X) WRITTEN INTERROGATORIES & REQUEST FOR PRODUCTION OF DOCUMENTS.

At the time of service, I did place upon it the date, time, manner and my name, leaving a true and correct copy thereof, and that the server knew the person so served to be the defendant (or other) mentioned and named therein.

NUMBER OF ATTEMPTS _1_      NUMBER OF ADDRESSES ATTEMPTED (if more than one) _____

SERVICE FEE  $ _35.00_
GARNISHEE FEE  $ _____
MAILING FEE  $ _____

WITNESS FEE  $ _____
SEARCH FEE  $ _____
MILEAGE  $ _____

Server's Name _BARBARA A. TILLEY_
(print)

Server's Signature _Barbara A. Tilley_

Subscribed and sworn to before me
this _8th_ day of _Oct_ 20 _09_
_Karen L. Pacula_
NOTARY PUBLIC, State of Wisconsin
My Commission Expires _8-7-10_

KAREN L. PACULA
NOTARY PUBLIC
STATE OF WISCONSIN

*Accurate Process Service*
*P.O. Box 1414 (mailing address)*
*Milwaukee, Wisconsin 53201-1414*
*414-423-4341*